NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORTH JERSEY BRAIN & SPINE CENTER,<br><br>    Plaintiff,<br><br>v.<br><br>ANTHEM BLUE CROSS BLUE SHIELD,<br><br>    Defendant. | Civil Action No. 2:11-cv-06379-CCC-JAD<br><br>OPINION |

**CECCHI**, **District Judge.**

This matter comes before the Court on the motion of Defendant Anthem Blue Cross Blue Shield ("Defendant") to dismiss Plaintiff North Jersey Brain & Spine Center's ("Plaintiff") Complaint. The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. The Court has considered the submissions made in support of and in opposition to the instant motion.[1] For the following reasons, Plaintiff's motion to dismiss is granted in part and denied in part.

**I.     BACKGROUND**

Plaintiff North Jersey Brain & Spine Center is a medical practice that specializes in neurosurgical procedures and treatment of the brain and spinal cord. (Compl. 1, ¶ 1.) Defendant Anthem Blue Cross Blue Shield is a managed care company that provides healthcare coverage to its subscribers. (Compl. 1, ¶ 2.) Defendant provides both "in-plan" and "out-of-network"

---

[1] The Court considers any new arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

benefits, meaning that its subscribers may access the healthcare providers of their choice. (Compl. 2, ¶ 1.)  In this case, surgeons at North Jersey Brain & Spine Center performed a spinal procedure on the subscriber B.J.R., whose full name is not used to protect the confidentiality of the patient.  (Compl. 2, ¶ 2.)  The health insurance plan B.J.R. participated in was self-funded and sponsored by a private employer.  According to the Complaint, the procedure performed on B.J.R. was "medically necessary" and was pre-authorized by Defendant.  (Id.)  Plaintiff expected to receive its usual and customary ("U&C") fee for its services, but Defendant denied Plaintiff's claim for reimbursement.  (Compl. 3, ¶¶ 7-8.)  The Complaint does not indicate the amount that Plaintiff expected to receive.

On September 22, 2011, Plaintiff filed its complaint in the Superior Court of New Jersey, Law Division, Bergen County, asserting causes of action for (1) Promissory Estoppel; (2) Negligent Misrepresentation; (3) Unjust Enrichment; (4) Denial of Benefits under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(1)(B); and (5) Attorneys' Fees and Costs under ERISA, 29 U.S.C. § 1132(g)(1).  Defendant removed the action to this Court on October 31, 2011 and now moves to dismiss all of Plaintiff's claims.

**II.    STANDARD OF REVIEW**

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.  See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).  "Factual allegations must be enough to raise a right to relief

above the speculative level." Twombly, 550 U.S. at 555.  Furthermore, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion [s]' devoid of 'further factual enhancement.'" Iqbal, 129 S. Ct. at 1949.

The burden of proof for showing that no claim has been stated is on the moving party. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).  During a court's threshold review, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." In re Rockefeller Ctr. Props., Inc., 311 F.3d 198, 215 (3d Cir. 2002).  In general, the Federal Rules of Civil Procedure should be construed liberally so as to encourage ruling on the merits instead of technicalities: "This liberality is expressed throughout the Federal Rules of Civil Procedure and is enshrined in a long and distinguished history . . . . An inadvertant mistake in pleading will not be held against the pleader if another party has not been misled by the mistake or otherwise prejudiced." Lundy v. Adamar of New Jersey, 34 F.3d 1173, 1186 (3d Cir. 1994).  Further, courts will not dismiss for failure to state a claim merely because the complaint miscategorizes legal theories or does not point to an appropriate statute or law to raise a claim for relief.  See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 909 n. 10 (1990).

### III.    DISCUSSION

Defendant first argues that Plaintiff's state law claims (Counts I through III) should be dismissed because they are preempted by ERISA and because they are inadequately pleaded. (Def. Br. 5-13.)  In its opposition, Plaintiff concedes that its state law claims are preempted by

ERISA.[2]  (Pl. Opp. 1, n.1.)  Accordingly, the Court hereby grants Defendant's motion to dismiss Plaintiff's state law claims, Counts I through III.  The Court will now determine whether Counts IV and V of Plaintiff's complaint shall be dismissed.

Defendant argues that Plaintiff's ERISA claims, Counts IV and V, should be dismissed because Plaintiff failed to exhaust all administrative remedies.  (Def. Br. 13-15.)  According to the Summary Plan Description ("SPD"), which was issued pursuant to B.J.R.'s health plan, if a claim for benefits is denied in whole or in part, the subscriber, his physician or other authorized representative, has two levels of appeal available to him.  (See Declaration of Cindy Butler, Def. Br., Ex. 1, ¶7.)  The health plan states that "[w]ith respect to all Claim reviews, two appeals are required prior to filing suit under Section 502(a) of ERISA."  (Id. ¶ 8.)

A plaintiff who wishes to recover benefits under an ERISA plan may only bring a lawsuit after he has exhausted all available administrative remedies.  See Harrow v. Prudential Ins. Co. of Am., 279 F.3d 244, 249 (3d Cir. 2002).  "Courts require exhaustion of administrative remedies 'to help reduce the number of frivolous lawsuits under ERISA; to promote the consistent treatment of claims for benefits; to provide a nonadversarial method of claims settlement; and to minimize the costs of claims settlement for all concerned.'"  Id.

A plaintiff is excused from exhausting remedies if it is futile of do so.  Berger v. Edgewater Steel Co., 911 F. 2d 911, 916 (3d Cir. 1990).  In order to justify a waiver of the exhaustion requirement, a plaintiff must provide a "clear and positive showing of futility."  Harrow, 279 F.3d at 249 (quoting Brown v. Cont'l Baking Co., 891 F. Supp. 238, 241 (E.D. Pa. 1995)).  The court considers a number of factors when deciding whether to excuse exhaustion on grounds of futility:

---

[2] Plaintiff states, however, that its acknowledgement that these claims are preempted "should not be construed as a concession that these state law claims may not pursued in other instances unfettered by ERISA preemption."  (Pl. Opp. 1-2, n.1.)

> (1) whether plaintiff diligently pursued administrative relief; (2) whether plaintiff acted reasonably in seeking immediate judicial review under the circumstances; (3) existence of a fixed policy denying benefits; (4) failure of the insurance company to comply with its own internal administrative procedures; and (5) testimony of plan administrators that any administrative appeal was futile.

Id. at 250.  Each of these factors does not need to be given equal weight.  Id.

Here, the Plan requires that a plaintiff bring two appeals when a claim is "denied in whole or in part" before bringing a claim for denial of benefits.  (Def. Br. at 13-14); (Butler Decl. ¶¶ 7-8.)  Plaintiff admits that it did not bring two appeals, as required by the Plan.  However, Plaintiff argues that it would have been futile for it to proceed with an appeal because (1) Defendant did not follow its own internal procedures and (2) Plaintiff could not have formulated an appeal because the claim was not properly denied in that Defendant did not identify the reasons for each denial.  (Pl. Opp. 4.)  Plaintiff asserts that its claim was never "completely adjudicated," because the Defendant neither paid for nor denied payment for three of the six procedures billed by Plaintiff.  (Pl. Opp. 2-4; Pl. Sur-reply 4.)  As such, Plaintiff argues that its claim was not "denied in whole or in part," thus, its right to appeal was never triggered.  (Pl. Opp. 4.)

In support of its opposition, Plaintiff attached the Certification of its billing and financial manager Lee Goldberg ("Goldberg"), which relies on four exhibits.  (See Certification of Lee Goldberg.)  In her certification, Goldberg states that the Explanation of Benefits provided to Plaintiff did not at all mention three of the surgical procedures that were performed on the patient.  (Goldberg Cert. ¶ 4.)  Furthermore, the online claim status for those three claims indicated that "No EOB was generated."  (Goldberg Cert. ¶ 5.)  Based on the Goldberg Certification, Plaintiff argues that Defendant did not follow its own appeal procedures by failing to set forth the reasons for its treatment of three of Plaintiff's claims.  (Pl. Opp. 4; Goldberg Cert. ¶ 6-7.)  Thus, Plaintiff contends that "it is impossible for [it] to coherently or logically formulate

5

its appeal when [P]laintiff does not know what basis or bases upon which it may rely to substantiate its appeal of the [denial]." (Pl. Opp. 4; Goldberg Cert. ¶¶ 6-7.)

Defendant argues that the Complaint failed to set forth the facts that appear in the Goldberg Certification and that the four exhibits attached are not referenced in or attached to the Complaint. (Def. Reply Br. 2.) Therefore, the Defendant argues that the Court should not consider the Goldberg Certification or the newly asserted facts set forth in the Plaintiff's opposition. (Def. Reply Br. 2.) Plaintiff contends that even without the additional facts and the Goldberg Certification, the allegations in the Complaint are sufficient to withstand Defendant's motion to dismiss. (Pl. Sur-Reply 2-3.)

On a Rule 12(b)(6) motion to dismiss, courts will not consider documents that are not "directly incorporated in or attached to the Complaint," or those that are not public record. Stapperfenne v. Nova Healthcare Administrators, Inc., No. 05-4883, 2006 WL 1044456 (D.N.J. Apr. 17, 2006) (holding that the court would not consider letters written by the Plaintiff that were attached to Plaintiffs' opposition papers); see also City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 259 (3d Cir.1998) ("When deciding a motion to dismiss, it is the usual practice for a court to consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."); Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir.1993) (noting that a court may also consider "a concededly authentic document upon which the complaint is based when the defendant attaches it to a motion to dismiss").

Here, even putting aside the factual matters outside the pleadings, it appears that the Complaint contains sufficient allegations, when viewed in a light most favorable to Plaintiff, that indicate that the futility exception to the exhaustion requirement may apply in this case. The

Complaint states that Defendant "arbitrarily and capriciously refused to properly pay the plaintiff for such services" and that Plaintiff "has appealed to Anthem, but the defendant has provided only incomplete or evasive responses to the plaintiff's inquiries and/or has refused to pay any fees." (Compl. 3; ¶¶ 7-8.)  The Plaintiff's opposition further elaborates that the claim denial did not appropriately identify the reason for nonpayment. (Pl. Opp. 3.)  The parties dispute whether the Plaintiff's claim was appropriately considered, but the Court cannot properly decide that issue based on an examination of only the Plaintiff's pleading.  Stapperfenne, 2006 WL 1044456, at *4.

Based on these circumstances, the Court will give deference to the factual allegations in the Complaint and will deny Defendant's motion to dismiss.  See Stapperfenne, 2006 WL 1044456, at *4.  However, if the Plaintiff fails to support its allegations following the completion of discovery, the Court may grant summary judgment against it for failure to exhaust the required administrative remedies.  See Stapperfenne, 2006 WL 1044456, at *4; Owens-Wolkowicz v. Corsolutions Medical, Inc., No. Civ. A. 05-277, 2005 WL 1592903, at *2-3 (E.D. Pa. June 30, 2005) (stating that while a Complaint may contain sufficient facts to withstand a motion to dismiss for failure to exhaust administrative remedies, a failure to exhaust argument could be raised properly on summary judgment).

### IV.   CONCLUSION

For the reasons set forth above, the Defendant's motion to dismiss is granted with respect to Counts I, II, and III of the Complaint.  Defendant's motion is denied with respect to Plaintiff's ERISA claims in Counts IV and V.  An appropriate Order follows.

Dated: July 18, 2012

                s/Claire C. Cecchi
                CLAIRE C. CECCHI, U.S.D.J
                United States District Judge